**SO ORDERED.**

**SIGNED this 29 day of January, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:

**CHARLES LEWIS CRITZER,**                         Case No. 06-03611-8-JRL
                                                                      Chapter 7
        Debtor.

**JAMES B. ANGELL, CHAPTER 7 TRUSTEE,**
                                                                      Adversary Proceeding No.
        Plaintiff,              07-00025-8-AP

  v.

**CHARLES LEWIS CRITZER,**

        Defendant.
_____

## ORDER

The trial of this adversary proceeding brought by the chapter 7 trustee in the case of Charles Lewis Critzer ("debtor"), objecting to the debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2), 727(a)(3), and 727(a)(4)(A), was held in Wilmington, North Carolina on January 23, 2008.

This court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(J), which this court may hear and

determine.

The debtor filed a voluntary chapter 7 petition on November 7, 2006, and James B. Angell was appointed chapter 7 trustee. The debtor filed an attachment to his Schedule B entitled "Household Goods List" that lists miscellaneous household goods the debtor claims were destroyed in a June 2006 house fire. The list indicates that the goods had not been replaced as of the date of the petition's filing, and that the debtor expected to receive $18,096.00 from the insurance settlement. However, at the debtor's meeting with his creditors pursuant to 11 U.S.C. § 341(a), the debtor testified that he had already received the insurance proceeds, approximately $13,000.00, prior to filing his bankruptcy petition, and that he had used this money to purchase new furniture. The debtor's story regarding the use of the funds changed yet again after the trustee requested additional documentation. This time, the debtor produced a handwritten accounting of the funds that contains twelve entries for miscellaneous expenses, very few of which are household goods.

The trustee's complaint objects to the debtor's discharge on three separate grounds. First, the debtor violated 11 U.S.C. § 727(a)(4)(A) by knowingly making false statements under oath regarding the receipt and use of the insurance proceeds. Second, the debtor fraudulently concealed assets under § 727(a)(2) by failing to disclose the receipt and use of the insurance proceeds in his bankruptcy petition and other documents signed under oath during his § 341 meeting. Third, the debtor has failed to maintain adequate records regarding the disposition of insurance proceeds under § 727(a)(3).

The Bankruptcy Code provides that a debtor seeking chapter 7 relief shall be granted a discharge of his debts unless "the debtor knowingly and fraudulently, or in connection with the case . . . made a false oath or account." 11 U.S.C. § 727(a)(4)(A). In order to be denied a discharge

under this provision, "the debtor must have made a statement under oath which he knew to be false, and he must have made the statement willfully, with the intent to defraud." Mercantile Peninsula Bank v. French (In re French), 499 F.3d 345, 352 (4th Cir. 2007) (citing Williamson v. Fireman's Fund Ins. Co., 828 F.2d 249, 251 (4th Cir. 1987)). In support of his allegations that the debtor knowingly made material false statements, the trustee introduced at trial the debtor's bankruptcy petition, a questionnaire the debtor completed under oath at his § 341 meeting, a portion of the transcript of the debtor's § 341 meeting, the debtor's answer to the trustee's complaint, and the debtor's handwritten accounting of how the insurance proceeds were spent. The debtor was the sole witness at trial.

Based on the evidence introduced at trial, the court finds that the debtor knowingly made the following material false statements. First, the debtor stated in his bankruptcy petition that he expected to receive approximately $18,096.00 in insurance proceeds. This constitutes a material false statement because the debtor admitted in his answer, and again in his trial testimony, that he had already received the insurance proceeds prior to filing the petition. Second, the debtor indicated on a questionnaire that he completed under oath at the § 341 meeting that his bankruptcy schedules listed everything that he owned on the date the petition was filed. This also constitutes a material false statement because the debtor omitted the receipt of approximately $13,000.00 from the insurance settlement. Third, the debtor indicated on that same form that he had not paid or transferred any money to any relatives within the year prior to filing his bankruptcy petition. This constitutes a material false statement because the debtor admitted in his handwritten accounting of the use of the insurance proceeds, and again in his trial testimony, that he used a portion of that money to repay his wife for a bail bond. Fourth, the debtor testified at his § 341 meeting that he

3

used the insurance settlement proceeds to purchase furniture. This constitutes a material false statement because the debtor admitted at trial that he used the insurance proceeds for other personal expenses. The court finds that the debtor knowingly made numerous false statements in relation to his bankruptcy case, and the court denies the debtor's discharge based on these violations of 11 U.S.C. § 727(a)(4)(A). It is therefore unnecessary for the court to address the trustee's other bases for objecting to the debtor's discharge.

"END OF DOCUMENT"